UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MARK B. CLARKE,                                    **MEMORANDUM AND ORDER**

                                                         23-CV-06561 (LDH) (LKE)

        Plaintiff,

    -against-

RIKERS ISLAND, WEST FACILITY;
JOHN DOE CORRECTION OFFICERS NOS. 1-3,

        Defendants.
-------------------------------------------------------------x

LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Mark Clarke, proceeding pro se, commenced the instant action pursuant to 42 U.S.C § 1983 against Rikers Island, West Facility ("Rikers") and John Doe West Facility Corrections Officers Nos. 1–3 ("John Doe Correction Officers").  Plaintiff's request to proceed *in forma pauperis* is granted.  For the reasons discussed below, Plaintiff's claims are dismissed against Rikers for failure to state a claim upon which relief may be granted.  Plaintiff's claims for the use of excessive force will proceed against the John Doe Correction Officers once they are identified.

## BACKGROUND[1]

    Plaintiff is an inmate currently incarcerated at the Otis Bantum Correctional Center on Rikers Island.  On June 26, 2023, Plaintiff was sent to the West Facility on Rikers Island, a "high classification and contagious unit," despite the fact that Plaintiff "wasn't high classification and [] didn't have a contagious disease."  (Compl. at 4, ECF No.1.)  On or about June 27, 2023, three

---

[1] The following facts are taken from the complaint and are assumed to be true for the purpose of this order. Citations to the complaint refer to the pagination assigned by the Court's ECF system.

correction officers entered Plaintiff's cell and handcuffed Plaintiff. (*Id.*) The handcuffs were placed on so tightly that Plaintiff experienced "excruciating pain." (*Id.*) Plaintiff started "moving around" and "struggling." (*Id.*) Two officers threw Plaintiff to the ground, and the third officer put his foot on Plaintiff's back. (*Id.*) When Plaintiff told the officers that he needed medical attention, he was brought to a nurse for treatment. (*Id.*) The nurse gave Plaintiff something for his face and instructed the officers to uncuff Plaintiff. (*Id.* at 4–5.) Plaintiff suffered a cut on his left eye from this incident. (*Id.* at 6.) He also experienced emotional distress because he was not allowed to call his family. (*Id.*) Plaintiff seeks monetary damages. (*Id.*)

## STANDARD OF REVIEW

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Furthermore, where a plaintiff is proceeding pro se, the pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006)). This is "particularly so when the *pro se* plaintiff alleges that [his or] her civil rights have been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). Still, "even *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555)).

Moreover, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Plaintiff's Claims Against Rikers

To state a claim under Section 1983, a plaintiff must allege: (i) "the violation of a right secured by the Constitution and laws of the United States;" and (ii) "that the alleged deprivation was committed by a person acting under color of state law." *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Plaintiff names Rikers as a defendant. However, Rikers Island Correctional Facility is not a "person" within the meaning of Section 1983, and as a facility operated by the New York City Department of Correction, an agency of the City of New York, Rikers cannot be sued independently. *Joseph v. Rikers Island Corr. Facility*, No. 20-CV-6113, 2021 WL 2634816, at *2 (E.D.N.Y. June 25, 2021) (dismissing Section 1983 claims against Rikers Island because it is not a person within the meaning of the statute and cannot be sued independently); *Banchs v. Rikers*

*Island Corr. Facility*, No. 18-CV-7023, 2018 WL 6812662 at *2 (E.D.N.Y. Dec. 26, 2018) (same); *Bromfield v. New York*, 15-CV-3529, 2016 WL 2917611, at *3 (E.D.N.Y. May 18, 2016) (same).  Accordingly, Plaintiff's claim cannot proceed against Rikers Island and are dismissed.

## II.  Plaintiff's Claims Against John Doe Correction Officers

Plaintiff also brings claims against the John Doe Correction Officers for excessive force in violation of Section 1983.  Whether officers used excessive force in violation of the Fourth Amendment depends on whether their use of force was "'objectively reasonable' in light of the facts and circumstances confronting" them.  *Graham v. Connor*, 490 U.S. 386, 397 (1989) (quoting *Scott v. United States*, 436 U.S. 128, 137–39 (1978)).  This test "requires careful attention to the facts and circumstances of each particular case."  *Id.* at 396.  "Given 'the fact-specific nature of the inquiry on an excessive force claim,' such claims are often not amenable to early resolution."  *Ayers v. Suffolk Cty. DA Office*, No. 20-CV-1192, 2022 WL 4539580, at *4 (E.D.N.Y. Sep. 28, 2022) (quoting *Lennox v. Miller*, 968 F.3d 150, 155 (2d Cir. 2020)); *see Oakley v. Dolan*, 980 F.3d 279, 284 (2d Cir. 2020) (noting that the reasonableness of force cannot be resolved at the motion to dismiss stage).

Here, Plaintiff alleges that the John Doe Corrections Officers used excessive force against him when they handcuffed him, threw him to the ground, and placed a foot on his back.  (Compl. at 4.)  Whether that use of force was objectively reasonable is a question of fact that cannot be resolved at this stage.  *See Oakley*, 980 F.3d at 284.  Therefore, Plaintiff's Section 1983 claims for excessive force against the John Doe Corrections Officers shall proceed.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Rikers are dismissed for failure to state a claim upon which relief may be granted.

In accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Court hereby directs the Corporation Counsel of the City of New York ("Corporation Counsel"), no later than 45 days from the date of this memorandum and order, to ascertain the identities of the John Doe Correction Officers who are alleged to have entered Plaintiff's cell on Rikers Island on or about June 27, 2023, or June 28, 2023.  Corporation Counsel shall provide the full names of the John Doe Correction Officers and the addresses at which they can be served.  Once the names are ascertained, Plaintiff's complaint shall be deemed amended to reflect the full names of these individuals, a summons shall issue, and the Court shall direct service.  A copy of this memorandum and order, and the complaint, shall be mailed to Corporation Counsel, Special Federal Litigation Division.  The action is referred to Magistrate Judge Lara K. Eshkenazi for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

    /s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Brooklyn, New York
Dated: September 30, 2024